

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NORMED INTERNATIONAL BV,

                Plaintiff,

- against -

ASTILLEROS BARRERAS S.A.

                Defendant.
-------------------------------------------------------X

08 CV 5497

ECF CASE



## VERIFIED COMPLAINT

Plaintiff, NORMED INTERNATIONAL BV, (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, ASTILLEROS BARRERAS S.A. (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the disponent owner of the motor vessel "NORMED BREMEN" (hereinafter the "Vessel").

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, and was at all material times the charterer of the Vessel.

4. By a fixture note made on or about March 19, 2008, Plaintiff chartered the Vessel to Defendant for the carriage of "14 steel blocks/sections ... Ttl. Abt 8817 mts/4,372,06 cbm". *See copy of Fixture Note annexed hereto as Exhibit "1".*

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the fixture note.

6. A dispute arose between the parties regarding Defendant's failure to pay demurrage[1] costs due and owing to Plaintiff under the fixture note contract.

7. As a result of Defendant's breach of the fixture note due to its failure to pay demurrage costs of the Vessel, Plaintiff has sustained damages in the total principal amount of $101,829.00 exclusive of interest, litigation and/or arbitration costs and attorneys fees.

8. Despite due and repeated demand, Defendant has failed to pay the amounts due and owing under the fixture note.

9. Plaintiff reserves its right to arbitrate or litigate its claim against Defendant before a properly constituted arbitral body or a court of competent jurisdiction.

10. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of such proceedings.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in such proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here defined by the charter party as $19,500.00 per day, pro rata.)

| | | |
|---|---|---:|
| A. | Principal claim – Demurrage: | $101,829.00 |
| B. | Estimated interest on claim – 3 years at 7.5% compounded quarterly: | $25,428.37 |
| C. | Estimated arbitration costs: | $35,000.00 |
| D. | Estimated attorneys' fees and expenses: | $40,000.00 |
| | **Total:** | **$202,257.37** |

12.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant. *See Affidavit in Support of Prayer for Maritime Attachment annexed hereto as Exhibit 2.*

13.  The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $202,257.37 belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§ 201 et. seq. and/or the principles of comity, this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

D.    In the alternative, that the Court retain jurisdiction to compel the Defendant(s) to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

E.    That this Court recognize and confirm any award or judgment rendered on the claims had herein as a Judgment of this Court;

F. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, NY
       June 18, 2008

The Plaintiff,
NORMED INTERNATIONAL B.V.

By: _/s/ Coleen_____
Patrick F. Lennon
Coleen A. McEvoy
LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
pfl@lenmur.com
cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York  )
                   )  ss.:  City of New York
County of New York )

1. My name is Coleen A. McEvoy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:  New York, NY
        June 18, 2008

                                            _____
                                            Coleen A. McEvoy

# EXHIBIT 1

| | |
|---|---|
| Acct | Astileros Barreras, S.A. |
| Carrier | Normed International BV |
| Vsl | mv "Normed Bremen" - 12.500 tdwat<br>Geared upto 120 tons – built 07<br>Or similar subst o.o. |

P/C of till. Total of 14 steel blocks/sections (Block 916 will load as 1 Piece)
Incl. 2 x 115 tons – 24,00 x 8,00 x 1,95 m
1 x 107 tons – 24,20 x 7,50 x 4,10 m

Ttl. Abt 881,7mts / 4.372,06 cbm (as per enclosed revised packing list supplied)
Further details as per attached excel sheet (Anex 1)

| | |
|---|---|
| PoL | Shanghai, 1 carriers berth |
| poD | Vigo, 1gsb aaaa |
| ToS | 7-12 April 2008 |
| Frt | us$ 695.000---lumpsum |

Terms:
-Free in stowed- lashed -secured dunnaged- Free out unlashed -unsecured
-loading/discharging 48 hours shex uu – 48 hours discharge shex uu
-Time counting as per gencon c/p clause 6 a+c always wwwww-08/14 hours bends
-- Notices during office hours only.
-Demurrage/Detention: us$ 19.500.— pd/ pr
-Any congestion/waiting for berth to count as detention
-Owners berth at POL-always afloat
-chrtrs/shippers/receivers berth at POD- always afloat
- use of shore/floating crane for loading/discharging all cargo free of charge/risk/expenses for carrier/vessel.
-any/ all stevedoring on shore to be for Merchant's/Shippers'/ and/ or Receivers' account- if local or union regulation force use of shore labor, cost to be at Merchant's expenses on-hooking at POD always for Shippers/ Receivers/ Merchant/s account.
-Under/on deck shipment
-Deckcargo at Merchant's risk and responsibility and expense without any liability to the carrier for any loss and/or damage howsoever caused and bsl to be claused acrdly
-freight payable upon completion of loading into carriers nominated account. Freight deemed, earned upon completion of loading and non-returnable whether cargo and/ or vessel lost or not lost.
-All cargo to be delivered/received alongside vessel always within reach of vessel gear at merchants cost and expense.
-Loading/discharging (partly) by vessel own gear-if and when technically possible
-Lashing/securing by shore gangs -material as on board-to be used free of charge.
-Sub carriers approval of final packing-list and transport-drawing
-block/sets to be stackable and all equipped with lifting lugs/ lashing eyes as required by the Master and add. Requirements in respect of bedding/skids or whatever material is required to be fao merchant

-Any special lifting-beam or equipment, if required, to be supplied and fao of Merchant
-Bimco ISPS clause to apply
-Conline b/n and carriers Bs/L
5% comm. A.M.Davimar,S.A. for share
-sub master approval

GENERAL TERMS

1) Goods to be packed/delivered un seaworthy condition and fitted with suitable lifting eyes and/ or hoisting frames and/or similar appliances with guaranteed sufficient strength for the foreseen handling operation;
Goods are to be properly marked to indicate exact place(s) where pieces are to be slung and to indicate the exact location of the centre of gravity of each separate piece;
Candles and/or lashing points suitable for the oceancarriege are to provided by Merchant free of risk and expense to the Carrier/Ship owner;
Any damage resulting from Merchants failure to comply with the above to be for merchants account and any time lost thereby to count as detention time as stipulated in the Conline booking note, clause 11
2) Freight prepaid, payable into Carrier's nominated bank account upon completion of loading and before signing/releasing Bladings
3) Freight deemed earned upon completion of loading and non-returnable vessel and/or cargo lost or not lost
4) Owners agents bends
5) Any dues/duties/taxes/fees/wharfages etc. On freight and/or cargo for Merchants account, same on vessel for Owners account
6) Any special required L/s/d material by merchant for Merchant's time and account
7) Freight based on Suez passage only. In case Suez Canal shall be closed for navigation, for what ever reason, the additional cost for steaming via Cape to be calculated in proportion to Merchants share of total freight earning for the voyage in accordance with BIMCO's "Vonvey" 1968
8) Merchant shall reimburse Carrier in full/for their share of the cargo being loaded and/or discharged at subject ports in the event that Carrier incurs a liability for an increased premium be it for basic or additional war risk, or for any other operating expenses arising as a result of the voyage herein – Voywar 1993 to apply
9) Carrier's option to deviate from the direct geographical route also for the purpose of loading/discharging other part cargo, as well as to bunker
10) Owners/Master to give 10/7/5/3/2 days approximate and 1 day final notice prior vessel's arrival loading- and discharging port
11) ISPS clause
12) Sub further terms/details
13) End

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NORMED INTERNATIONAL BV,

                Plaintiff,

  - against -

ASTILLEROS BARRERAS S.A.,

                Defendant.
----------------------------------------------------------X

08 CV _____

ECF CASE

### AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                     ) ss: SOUTHPORT
County of Fairfield   )

Coleen A. McEvoy, being duly sworn, deposes and says:

1.     I am a member of the Bar of this Court and represent the Plaintiff herein. I am familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

2.     I have attempted to locate the Defendant, ASTILLEROS BARRERAS S.A. within this District. As part of my investigation to locate the Defendant within this District, I checked the telephone company information directory, as well as the white and yellow pages for New York listed on the Internet or World Wide Web, and did not find any listing for the Defendant. Finally, I checked the New York State Department of Corporations' online database which showed no listings or registration for the Defendant.

3. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

5. This is Plaintiff's first request for this relief made to any Court.

<u>PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER</u>

6. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy R. Peterson, Coleen A. McEvoy, Anne C. LeVasseur or any other partner, associate, paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendant.

7. Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

8.  To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

### PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

9.  Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

### PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

10. Further, in order to avoid the need to repetitively serve the garnishees/banks, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service of process throughout any given day on which process is served and throughout the next day, provided that process is served the next day, and to authorize service of process via facsimile or e-mail following initial in personam service.

Dated:   June 18, 2008
         Southport, CT

_____
Coleen A. McEvoy

Sworn and subscribed to before me
this 18th day of June, 2008.

_____
NOTARY PUBLIC